**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| IRVING MASON, : | |
| : | Civil No. 10-197 (NLH) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| WARDEN DONNA ZICKEFOOSE, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

> **IRVING MASON**, Petitioner pro se
> #02193-748
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

Petitioner, Irving Mason, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner names as party respondent, Warden Donna Zickefoose, as the person having custody over him pursuant to 28 U.S.C. § 2242.

This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

I.  BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

Petitioner states that he was convicted by a lengthy jury trial, in the United States District Court for the Southern District of New York, on July 28, 2000, on charges of conducting and participating in the affairs of a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO")(18 U.S.C. § 1962), RICO conspiracy (18 U.S.C. § 1962(d)), conspiracy to commit robbery (18 U.S.C. § 1951), attempted robbery (18 U.S.C. §§ 1951, 1952), possessing a firearm (18 U.S.C. § 922(g)), and possessing ammunition (18 U.S.C. § 922(g)).  On April 18, 2001, Petitioner was sentenced to thirty (30) years imprisonment.

Petitioner appealed from his conviction and sentence, and on November 21, 2002, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction.  The Supreme Court denied certiorari in 2003.  See United States v. Mitchell, 51 Fed. Appx. 355 (2d Cir. Nov. 21, 2002), cert. denied, 538 U.S. 939 (2003).

Thereafter, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the Honorable John F. Keenan, U.S.D.J. of the Southern District of New York, on August

9, 2005.  Judge Keenan denied Petitioner's motion for a certificate of appealability on October 6, 2005.  Petitioner then filed a motion to vacate his sentence and conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or alternatively, 28 U.S.C. § 1651(a).  Judge Keenan denied Petitioner relief in an opinion entered on May 6, 2009.  Mason v. United States, 2009 WL 1250158 (S.D.N.Y.  May 6, 2009).  Petitioner filed a notice of appeal on July 9, 2009, but a certificate of appealability was denied on August 20, 2009.  Mason v. United States, 2009 WL 2575855 (S.D.N.Y. Aug. 20, 2009).

Petitioner filed the instant application for habeas relief on or about January 14, 2010.  He paid the filing fee on May 27, 2010.  Petitioner asserts the following grounds for habeas relief.  First, Petitioner argues that he is entitled to relief by a habeas petition under 28 U.S.C. § 2241 as a result of an intervening change of law.  Namely, Petitioner contends that he is actually innocent of a Hobbs Act violation, based on United States v. Parkes, 497 F.3d 220 (2d Cir. 2007), which purportedly found that the conduct similar to which Petitioner was convicted was not criminal.

Second, Petitioner contends that the United States District Court for the Southern District of New York lacked subject matter jurisdiction to convict and sentence him.

Petitioner states that he raised these two arguments for the first time in his Rule 60(b) motion, filed on November 26, 2008, and his motion for reconsideration, filed on May 15, 2009.

II. DISCUSSION

A. Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B. Jurisdiction

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion and a Rule 60(b) motion (both of which were denied) because his conviction is unconstitutional. Petitioner contends that relief under § 2255 is "inadequate or ineffective." Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir.1997).

As noted by the United States Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[1] See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence. See 28

---

[1] As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the

contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner argues that there was no jurisdiction to convict him because the Government failed to prove the required elements of a Hobbs Act violation.  Further, Petitioner argues that he was wrongly convicted of conduct which is not criminal under the definition of "an Affect on Interstate Commerce," as set forth in United States v. Parkes, 497 F.3d 220 (2d Cir. 2007), which can also be characterized as a jurisdictional defect.  Petitioner raised these very same claims in his prior motion under Rule 60(b), which was denied by Judge Keenan.

Judge Keenan found that Petitioner's motion was attacking his underlying conviction and not the integrity of the habeas proceeding.  Thus, the court held that, whether couched as a Rule 60(b) motion or a writ of *error coram nobis* under 28 U.S.C. § 1651(a), Petitioner's request for relief was more properly governed under 28 U.S.C. § 2255, which was unauthorized as Petitioner already had unsuccessfully challenged his conviction and sentence under § 2255, and he had failed to obtain authorization from the Second Circuit to file a second or successive § 2255 motion.  See Mason v. United States, 2009 WL 1250158,*2, *3 (S.D.N.Y. May 6, 2009).

However, in this action, Petitioner argues that there was an intervening change in the law that renders non-criminal the crimes for which he was convicted under the Hobbs Act, thus bringing his action under the "savings clause" and the Dorsainvil exception.  Petitioner fails to cite a Supreme Court ruling that rendered non-criminal the conduct for which he was convicted.

Rather, Petitioner cites to a Second Circuit decision in Parkes, which held that the Hobbs Act requires the jury to determine, beyond a reasonable doubt, whether the conduct affected, or would have affected, interstate commerce, abrogating United States v. Fabian, 312 F.3d 550 (2d Cir. 2002), under which petitioner claims he was convicted.  However, in Parkes, the conviction was affirmed, finding that the defendant's robbery of a drug dealer would have affected interstate commerce.  The Second Circuit held that the jurisdictional requirement of the

8

Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce and that even a potential or subtle effect on commerce is sufficient.  Parkes, 497 F.3d at 230-31.

On his direct appeal, Petitioner raised a similar claim that his conviction under the Hobbs Act must be reversed because the attempted robbery of Connor could not have affected interstate commerce.  However, the Second Circuit found that there need only be a *de minimis* connection to interstate commerce in order to meet the requirement under the Hobbs Act, and that the effect need only be possible, not actual.  The court further found that there was sufficient evidence for the jury to find that the attempted robbery had the requisite minimal effect on interstate commerce.  Namely, the record showed that Petitioner and the criminal enterprise had targeted out-of-state drug buyers, and that Connor traveled weekly from North Carolina to New York to buy drugs.  Thus, the attempted robbery of Connor could and probably did discourage interstate travel sufficient to meet the Hobbs Act requirement.  United States v. Mitchell, 51 Fed. Appx. 355, 358 (2d Cir., Nov. 21, 2002).

Consequently, Petitioner has failed to show an intervening change in the law in a decision rendered by the Supreme Court that renders non-criminal the crimes for which he was convicted under the Hobbs Act.  See Dorsainvil, 119 F.3d at 251-52.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its

gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[2]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Although Petitioner has not petitioned the Court of Appeals for the Second Circuit for leave to file a successive § 2255 motion, this petition clearly fails to allege any of the predicate grounds permitting a second or successive § 2255 motion.[3]  Therefore, this Court finds that it would not be in the

---

[2] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed ae § 2255 motion, which was addressed and denied by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

[3] Namely, Petitioner has not demonstrated, as required, "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases

10

interests of justice to transfer this Petition to the Second Circuit, and accordingly, the Petition must be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, this action for habeas relief under § 2241 will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive motion under § 2255 challenging petitioner's federal sentence. An appropriate order follows.

                                                 /s/ NOEL L. HILLMAN
                                                 NOEL L. HILLMAN
                                                 United States District Judge

Dated: January 4, 2011

At Camden, New Jersey

---

on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).