NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IRVING MASON, | : | |
| | : | Civil No. 10-197 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| WARDEN DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

    IRVING MASON, Petitioner pro se
    #02193-748
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

HILLMAN, District Judge

    This matter comes before the Court on the motions of Petitioner, Irving Mason, seeking relief from judgment, pursuant to Fed.R.Civ.P. 60(b) and a motion to amend, (Docket entry nos. 10 and 11), with regard to this Court's January 4, 2011 Opinion and Order dismissing with prejudice Petitioner's habeas petition under 28 U.S.C. § 2241 for lack of jurisdiction. (Docket entry nos. 3 and 4). Petitioner filed his motions on or about April 25, 2012, and November 15, 2012, respectively. In order to entertain Petitioner's Rule 60(b) motion, the Court will have the Clerk reopen the file. These motions are decided without oral

argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, Petitioner's motions will be denied, and the Clerk will be directed to re-close the file.

## I.   BACKGROUND

On January 13, 2010, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenged the validity of his April 18, 2001 judgment of conviction, in the United States District Court for the Southern District of New York, on numerous federal charges, including, the conducting and participating in the affairs of a racketeering enterprise in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO")(18 U.S.C. § 1962), RICO conspiracy (18 U.S.C. § 1962(d)), conspiracy to commit robbery (18 U.S.C. § 1951), attempted robbery (18 U.S.C. §§ 1951, 1952), possessing a firearm (18 U.S.C. § 922(g)), and possessing ammunition (18 U.S.C. § 922(g)).  (Docket entry no. 1).

The procedural history relevant to Petitioner's challenged conviction shows that Petitioner had appealed from his conviction and sentence, and on November 21, 2002, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction.  The Supreme Court denied certiorari in 2003.  See United States v. Mitchell, 51 Fed. Appx. 355 (2d Cir. Nov. 21, 2002), cert. denied, 538 U.S. 939 (2003).  Thereafter, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255,

which was denied by the Honorable John F. Keenan, U.S.D.J. of the Southern District of New York, on August 9, 2005.  Judge Keenan denied Petitioner's motion for a certificate of appealability on October 6, 2005.  Petitioner then filed a motion to vacate his sentence and conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or alternatively, 28 U.S.C. § 1651(a).  Judge Keenan denied Petitioner relief in an opinion entered on May 6, 2009.  <u>Mason v. United States</u>, 2009 WL 1250158 (S.D.N.Y. May 6, 2009).  Petitioner filed a notice of appeal on July 9, 2009, but a certificate of appealability was denied on August 20, 2009.  <u>Mason v. United States</u>, 2009 WL 2575855 (S.D.N.Y. Aug. 20, 2009).

Petitioner then filed the subject petition for habeas relief, asserting that he is entitled to relief under § 2241 as a result of an intervening change of law.  Namely, Petitioner argued that he is actually innocent of a Hobbs Act violation, based on <u>United States v. Parkes</u>, 497 F.3d 220 (2d Cir. 2007), which purportedly found that the conduct similar to which Petitioner was convicted was not criminal.  Petitioner also argued that the United States District Court for the Southern District of New York lacked subject matter jurisdiction to convict and sentence him.  Petitioner acknowledged that he had raised these two arguments for the first time in his Rule 60(b)

3

motion, filed on November 26, 2008, and his motion for reconsideration, filed on May 15, 2009.

In an Opinion and Order entered on January 4, 2011, this Court dismissed with prejudice the habeas petition for lack of jurisdiction, as a prohibited second or successive motion to vacate under 28 U.S.C. § 2255. In particular, this Court found as follows:

> In this case, Petitioner argues that there was no jurisdiction to convict him because the Government failed to prove the required elements of a Hobbs Act violation. Further, Petitioner argues that he was wrongly convicted of conduct which is not criminal under the definition of "an Affect on Interstate Commerce," as set forth in United States v. Parkes, 497 F.3d 220 (2d Cir. 2007), which can also be characterized as a jurisdictional defect. Petitioner raised these very same claims in his prior motion under Rule 60(b), which was denied by Judge Keenan.
>
> Judge Keenan found that Petitioner's motion was attacking his underlying conviction and not the integrity of the habeas proceeding. Thus, the court held that, whether couched as a Rule 60(b) motion or a writ of *error coram nobis* under 28 U.S.C. § 1651(a), Petitioner's request for relief was more properly governed under 28 U.S.C. § 2255, which was unauthorized as Petitioner already had unsuccessfully challenged his conviction and sentence under § 2255, and he had failed to obtain authorization from the Second Circuit to file a second or successive § 2255 motion. See Mason v. United States, 2009 WL 1250158,*2, *3 (S.D.N.Y. May 6, 2009).
>
> However, in this action, Petitioner argues that there was an intervening change in the law that renders non-criminal the crimes for which he was convicted under the Hobbs Act, thus bringing his action under the "savings clause" and the Dorsainvil exception. Petitioner fails to cite a Supreme Court ruling that rendered non-criminal the conduct for which he was convicted.
>
> Rather, Petitioner cites to a Second Circuit decision in Parkes, which held that the Hobbs Act requires the jury to

4

determine, beyond a reasonable doubt, whether the conduct affected, or would have affected, interstate commerce, abrogating United States v. Fabian, 312 F.3d 550 (2d Cir. 2002), under which petitioner claims he was convicted. However, in Parkes, the conviction was affirmed, finding that the defendant's robbery of a drug dealer would have affected interstate commerce.  The Second Circuit held that the jurisdictional requirement of the Hobbs Act may be satisfied by a showing of a very slight effect on interstate commerce and that even a potential or subtle effect on commerce is sufficient.  Parkes, 497 F.3d at 230-31.

On his direct appeal, Petitioner raised a similar claim that his conviction under the Hobbs Act must be reversed because the attempted robbery of Connor could not have affected interstate commerce.  However, the Second Circuit found that there need only be a *de minimis* connection to interstate commerce in order to meet the requirement under the Hobbs Act, and that the effect need only be possible, not actual. The court further found that there was sufficient evidence for the jury to find that the attempted robbery had the requisite minimal effect on interstate commerce.  Namely, the record showed that Petitioner and the criminal enterprise had targeted out-of-state drug buyers, and that Connor traveled weekly from North Carolina to New York to buy drugs.  Thus, the attempted robbery of Connor could and probably did discourage interstate travel sufficient to meet the Hobbs Act requirement.  United States v. Mitchell, 51 Fed. Appx. 355, 358 (2d Cir., Nov. 21, 2002).

Consequently, Petitioner has failed to show an intervening change in the law in a decision rendered by the Supreme Court that renders non-criminal the crimes for which he was convicted under the Hobbs Act.  See Dorsainvil, 119 F.3d at 251-52.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[footnote omitted]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

5

> Although Petitioner has not petitioned the Court of Appeals
> for the Second Circuit for leave to file a successive § 2255
> motion, this petition clearly fails to allege any of the
> predicate grounds permitting a second or successive § 2255
> motion.[1]  Therefore, this Court finds that it would not be
> in the interests of justice to transfer this Petition to the
> Second Circuit, and accordingly, the Petition must be
> dismissed for lack of jurisdiction.

(January 4, 2011 Opinion at pp. 7-11, Docket entry no. 3).

Petitioner appealed this Court's decision to the United States Court of Appeals for the Third Circuit.  On April 28, 2011, the Third Circuit summarily affirmed this Court's Order.  (Docket entry no. 8).

Almost one year later, Petitioner filed the instant motion for relief from judgment under Rule 60(b).  (Docket entry no 10).  In his motion, Petitioner acknowledges that, after the Third Circuit's decision on his appeal, he filed a "self styled 'LAW OF THE CASE DOCTRINE MOTION'" and requested permission to file a successive petition in the United States Court of Appeals for the Second Circuit.  Both applications were "procedurally denied on March 13, 2012, as being unable to satisfy the criteria set forth in 28 U.S.C. § 2255(h) as the intervening changes 'did not involve a new rule of Constitutional law that the Supreme Court

---

[1] Namely, Petitioner has not demonstrated, as required, "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

had held to be retroactive to cases on Collateral Review.'"
(Petitioner's Motion at pg. 4, Docket entry no. 10).

Petitioner appears to argue that since the Second Circuit denied his application to file a successive § 2255 motion, this Court may now adjudicate his habeas petition on the merits.  He again argues that he meets the Dorsainvil[2] exception because he is actually innocent of based on an intervening change in the law in United States v. Needham, 604 F.3d 673, 679-83 (2d Cir. 2010) and United States v. Parkes, 497 F.3d 220 (2d Cir. 2007). (Petitioner's Motion at pp. 6-7).

In his motion to amend (Docket entry no. 11), Petitioner repeats his earlier arguments and relies on Wooten v. Cauley, 677 F.3d 303 (6th Cir. 2012).  Interestingly, in Wooten, as determined in Petitioner's case, the United States Court of Appeals for the Sixth Circuit determined that the litigant was not actually innocent, as required for him to challenge the legality of his detention under § 2241.  Wooten, 677 F.3d at 311.

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2]   In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)(quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

>A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'  "Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'"  "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by

8

adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977)(citations omitted).

In this case, Petitioner has not demonstrated that he satisfies any of the "extraordinary circumstances" warranting 60(b) relief. He simply disagrees with this Court's conclusion, as well as every court decision in which Petitioner has litigated this issue. This Court also notes, as mentioned above, that Petitioner's claims have been reviewed by the sentencing court, and two Courts of Appeals. Thus, this Court having already considered and addressed Petitioner's arguments in and as part of the January 4, 2011 Opinion, and the Court further finding that Petitioner does not persuasively present any "mistake, inadvertence, surprise, or excusable neglect," any newly discovered evidence, any fraud, misrepresentations, or misconduct, or any other reason to warrant the extraordinary

9

relief under Rule 60(b), Petitioner's motion under Rule 60(b) will be denied. This Court reaffirms that this matter must be dismissed as an impermissible successive § 2255 motion and that a transfer to the sentencing court or the Second Circuit is not "in the interests of justice," under 28 U.S.C. § 1631.

Alternatively, this Court construes Petitioner's motion as a motion for reconsideration under Local Civil Rule 7.1(i). Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i); Dunn v. Reed Group, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i)

10

creates a specific procedure by which a party may ask the court to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

11

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Petitioner does not and cannot allege that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Instead, Petitioner simply disagrees with this Court's prior decision, and refuses to acknowledge that the merits of his arguments were, in fact,

addressed by the sentencing court and Second Circuit and rejected.  As noted by this Court in its January 4, 2011 Opinion, Petitioner had the opportunity and did raise his claim of actual innocence based on an intervening change in the law, and his claim was rejected.  Consequently, Petitioner cannot satisfy the threshold for granting a motion for reconsideration here.  He cannot have what would be at this point a third, fourth or fifth bite at the apple.  His only recourse, if he disagrees with this Court's decision, should be through the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III.  CONCLUSION

For the reasons set forth above, Petitioner's Rule 60(b) motion, and his motion to amend, will be denied.  An appropriate order follows.

```
                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN
                                    United States District Judge
Dated: December 21, 2012

At Camden, New Jersey
```